UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT EARL WALKER,

        Petitioner,

                                CASE NO. 2:06-CV-13050

   v.                           JUDGE AVERN COHN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

CARMEN D. PALMER,

        Respondent.[1]

_____/


## REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    *Procedural Default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     D.    *Use of Prior Conviction at Trial and Sentencing (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . 8
          1.    *Use of Prior Conviction to Enhance Sentence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
          2.    *Use of Prior Conviction at Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
     E.    *Ineffective Assistance of Counsel (Claims II & III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
          1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
          2.    *Trial Counsel (Claim II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
          3.    *Appellate Counsel (Claim III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
     F.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

                \*       \*       \*       \*       \*


I.     RECOMMENDATION: The Court should deny petitioner's application for the writ of

habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner's

motion for summary judgment (docket #30).

II.    REPORT:

_____

     [1]By Order entered this date, Carmen D. Palmer has been substituted for Thomas Birkett
as the proper respondent in this action.

A.    *Procedural History*

1.    Petitioner Robert Earl Walker is a state prisoner, currently confined at the Michigan Reformatory in Ionia, Michigan.

2.    On February 1, 2001, petitioner was convicted of bank robbery, MICH. COMP. LAWS § 750.531, following a jury trial in the Wayne County Circuit Court.  On February 16, 2001, he was sentenced to a term of 6-20 years' imprisonment on the bank robbery conviction.  The trial court then vacated that sentence, and sentenced petitioner as a third habitual offender, MICH. COMP. LAWS § 769.12, to the same term of 6-20 years' imprisonment.

3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

> I.    DEFENDANT-APPELLANT'S CONVICTION SHOULD BE REVERSED BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO FIND FOR THE CONVICTION.
>
> II.   DEFENDANT-APPELLANT'S CONVICTION SHOULD BE REVERSED BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION IN ADMISSION OF A PRIOR SIMILAR ACT.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Walker*, No. 233777, 2002 WL 31105273 (Mich. Ct. App. Sept. 20, 2002) (per curiam).

4.    Petitioner, proceeding *pro se*, sought leave to appeal these two issues to the Michigan Supreme Court, as well as two additional issues:

> III.   DEFENDANT-APPELLANT'S CONVICTION SHOULD BE REVERSED BECAUSE THE COURT OF APPEALS ERRED IN FAILING TO EXAMINE A RATIONAL TRIER OF FACTS' CONCLUSION THAT DEFENDANT WAS GUILTY BEYOND A REASONABLE DOUBT.
>
> IV.   DEFENDANT-APPELLANT'S CONVICTION SHOULD BE REVERSED

> BECAUSE THERE [WERE] NO THREATS TO SUPPORT OR FULFILL
> THE REQUIREMENTS OF THE STATUTE.

The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Walker*, 468 Mich. 876, 659 N.W.2d 238 (2003).

5. On May 13, 2003, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claim:

> DEFENDANT WAS DENIED DUE PROCESS OF LAW WHERE HIS TRIAL
> APPOINTED COUNSEL NEGLECTED TO ELICIT DETAIL[ED]
> TESTIMONIAL EVIDENCE, IN DEFENSE FAVOR, REGARDING HIS PRIOR
> CONVICTION, AND THUS THE CONVICTION RESULTED HEAVILY ON
> THE PROSECUTION'S EVIDENCE AND DEFENDANT WAS NOT ALLOWED
> TO ADMIT EVIDENCE AT HIS SENTENCING.

On April 30, 2004, the trial court denied petitioner's motion for relief from judgment based on petitioner's failure to show good cause for his failure to raise his claim on direct appeal. *See People v. Walker*, No. 00-8201 (Wayne County, Mich., Cir. Ct. Apr. 30, 2004) [hereinafter "Trial Ct. op."].[2] The Michigan Court of Appeals and Michigan Supreme Court denied petitioner's applications for leave to appeal in standard orders, based on petitioner's "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Walker*, 474 Mich. 940, 706 N.W.2d 26 (2005); *People v. Walker*, No. 260689 (Mich. Ct. App. July 26, 2005).

6. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on . As grounds for the writ of habeas corpus, he raises three claims:

> I. BECAUSE PETITIONER DID NOT WAIVE HIS FOURTEENTH
> AMENDMENT DUE PROCESS RIGHT TO APPOINTMENT OF
> APPELLATE COUNSEL IN HIS PRIOR CONVICTION, THE PRIOR
> CONVICTION IS CONSTITUTIONALLY INFIRM AND THEREFORE
> PETITIONER'S CURRENT CONVICTION AND SENTENCE

---

[2]The trial court opinion is appended to petitioner's habeas application.

ENHANCEMENT, PER MCL 769.11, HABITUAL OFFENDER, THIRD OFFENSE, IMPOSED BY THE TRIAL COURT, IS INVALID.

II.      COURT APPOINTED TRIAL COUNSEL WAS CLEARLY INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE SENTENCING PROCEEDINGS FOR NOT FILING A MOTION UNDER MCL 769.13 TO CHALLENGE THE CONSTITUTIONALITY OF THE PRIOR CONVICTION.

III.     INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE TO FILE A MOTION FOR RE-SENTENCING, WHERE TRIAL COUNSEL['S] PERFORMANCE RESULTED IN AN UNRELIABLE OR FUNDAMENTALLY UNFAIR OUTCOME, BY NOT ADDRESSING THE CONSTITUTIONAL INFIRMITIES IN THE PRIOR CONVICTION.

7.     Respondent filed an answer on February 23, 2007. Respondent contends that petitioner's claims are barred by petitioner's procedural default in the state courts.

8.     Petitioner filed a reply to respondent's answer on February 26, 2007, and a motion for summary judgment on November 8, 2007.

B.    *Procedural Default*

Respondent first contends that petitioner's claims are barred by petitioner's procedural default in the state courts, because petitioner failed to raise these claims on direct appeal. The Court should disagree.

Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris*, 489 U.S. at 263. Furthermore, "only a 'firmly established and regularly followed state practice' may be

interposed by a State to prevent subsequent review . . . of a federal constitutional claim." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)); *see also*, *Calderon v. United States Dist. Ct. for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation omitted) ("For the procedural default doctrine to apply, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.").

Respondent contends that petitioner's claims are defaulted pursuant to MICH. CT. R. 6.508(D)(3), because petitioner failed to raise his claims on direct appeal. Even were the Court to conclude that petitioner's claims are procedurally defaulted, it is still necessary to consider the claims on the merits. Petitioner can still have his defaulted claims reviewed on the merits if he can show cause for, and prejudice attributable to, his default in the state courts. Petitioner contends that his appellate counsel was ineffective for failing to raise these claims on direct appeal. If petitioner's position is correct, counsel's ineffectiveness may constitute cause to excuse any procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate that appellate counsel was ineffective petitioner must show, *inter alia*, that his claims would have succeeded on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996). Given that the cause and prejudice inquiry merges with an analysis of the merits of petitioner's defaulted claims, it is better to simply consider the merits of these claims, even if they are defaulted. *See Jamison v. Collins*, 100 F. Supp. 2d 647, 676 (S.D. Ohio 2000); *Watkins v. Miller*, 92 F. Supp. 2d 824, 832 (S.D. Ind. 2000); *cf. Strickler v. Greene*, 527 U.S. 263, 282 (1999) (considering merits of petitioner's habeas claims where inquiry into the merits mirrored cause and prejudice inquiry).

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694.  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*,

539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v.*

*Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Use of Prior Conviction at Trial and Sentencing (Claim I)*

Petitioner first contends that he was denied a fair trial and due process at sentencing when the prosecutor introduced at trial a prior unconstitutional conviction, and when the court relied on that conviction in sentencing petitioner as an habitual offender.  These claims relate to petitioner's 1997 plea-based conviction of bank robbery.  Petitioner had counsel for the plea, and was advised by the trial court at that plea that he could request the appointment of an attorney on appeal in writing within 42 days.  However, petitioner argues that he was denied his right to appellate counsel because "[a]t no time, during the receiving of sentence, did the court advised [sic] Petitioner that by failing to make such request for the appointment of attorney, in writing within 42 days, would be the result of Petitioner waiving the Fourteenth Amendment Due Process right to the appointment of appellate counsel."  Pet. at 4.  According to petitioner, he was discharged from the sentence imposed on this conviction on October 20, 1999.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.      *Use of Prior Conviction to Enhance Sentence*

Petitioner first contends that he was denied his right to due process when the trial court relied on the 1997 sentence in imposing an enhanced habitual offender on the conviction under attacking in this habeas petition.  This claim fails for a number of reasons.

First, the use of the prior conviction to enhance petitioner's current sentence is not a basis for habeas relief.  As the Supreme Court has explained, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies

while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001).[3] Thus, even if petitioner's 1997 conviction were unconstitutionally obtained, he cannot obtain habeas relief based on the trial court's use of that conviction to enhance his current sentence.

The *Coss* court did recognize an exception for challenges to an enhanced sentence "on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*," *Coss*, 532 U.S. at 404 (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)), based on the "special status of *Gideon* claims" and the "'unique constitutional defect'" that *Gideon* claims represent. *Coss*, 532 U.S. at 404 (quoting *Custis v. United States*, 511 U.S. 485, 496 (1994)). This exception does not aid petitioner here, however. While petitioner claims that he was denied the appointment of counsel on appeal, a denial of appellate counsel does not result in a "violation of the Sixth Amendment, as set forth in *Gideon*." The Sixth Amendment right to counsel as recognized in *Gideon* by its terms is a trial right which has no applicability to the appellate context. A defendant's right to counsel on appeal derives not from the Sixth Amendment, but from the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 160-61 (2000) (explaining that the right to appellate counsel is based on the Fourteenth Amendment and

---

[3]Here, petitioner's 1997 conviction is not subject to a habeas challenge in its own right because petitioner has been discharged from that sentence, and thus he is no longer "in custody" on that conviction as required by 28 U.S.C. § 2241. *See Coss*, 532 U.S. at 401.

that "the Sixth Amendment does not apply to appellate proceedings."); *Evitts v. Lucey*, 469 U.S. 387, 392 (1985) (citing *Douglas v. California*, 372 U.S. 353 (1963)) (grounding right to appellate counsel in Fourteenth Amendment); *Tamalini v. Stewart*, 249 F.3d 895, 900-01 (9th Cir. 2001) (discussing *Martinez* and *Evitts*).  As noted above, the exception set forth in *Coss* is based on the unique nature of the Sixth Amendment right recognized in *Gideon*.  Because a denial of appellate counsel does not implicate this unique Sixth Amendment right, the alleged lack of appellate counsel on petitioner's prior conviction does not provide a basis for attacking his current sentence which was enhanced by that conviction.  *See Jackson v. Secretary for the Dep't of Corrections*, 206 Fed. Appx. 934, 937 (11th Cir. 2006); *Penton v. Kernan*, ___ F. Supp. 2d ___, ___, 2007 WL 4547582, at *24 (S.D. Cal. Dec. 20, 2007).

Second, petitioner is not entitled to habeas relief on this claim because, as a factual matter, he was not denied his right to appellate counsel.  Petitioner concedes that he was informed by the trial court at the 1997 sentencing that he could request appellate counsel within 42 days of his sentence, and that he did not do so.  Petitioner's only contention is that he was not specifically informed that, if he did not request appellate counsel within the 42 day period, he would forever lose his right to the appointment of appellate counsel.  This contention does not establish a violation of his right to appellate counsel.  The clear import of the 42 day deadline was that petitioner had that amount of time, and only that amount of time, in which to request counsel.  Here, petitioner was fully informed of both his right to appeal and his right to the appointment of counsel on appeal, as well as the procedures and time limits governing those rights.  As the Fifth Circuit has explained, "waiver of the right to appeal . . . merely requires that there be knowledge of the right to appeal and a failure to make known the desire to exercise that right." *Meeks v. Cabana*, 845 F.2d 1319, 1322

(5th Cir. 1988). The right to appeal is a "positive right that must be affirmatively exercised," and therefore "a defendant may be held to have waived the right to appeal upon a showing that the defendant was fully informed of his appellate rights and failed to make known his desire to exercise those rights." *White v. Johnson*, 180 F.3d 648, 654 (5th Cir. 1999); *see also*, *Espinal v. Warden, Noble Correctional Inst.*, No. 1:05cv812, 2007 WL 1288175, at *8 (S.D. Ohio May 1, 2007); *cf. United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000) (where defendant knows of his right to testify on his own behalf, waiver of that right may be inferred from defendant's failure to make known his desire to testify). Because petitioner was fully informed at the 1997 sentencing of his appellate rights, including his right to appointment of counsel, and the procedures for invoking those rights, his failure to exercise those rights constituted a waiver. Thus, petitioner cannot show that his 1997 conviction, which was used to enhance the sentence under attack here, was unconstitutionally obtained.

Finally, petitioner is not entitled to habeas relief on this claim because the trial court's reference to the 1997 conviction in sentencing petitioner was harmless. Petitioner was sentenced as a third habitual offender; however, he had another conviction which would have permitted the court to sentence him as a second habitual offender. Because the crime of conviction carried a maximum penalty of life imprisonment, *see* MICH. COMP. LAWS 750.531, his potential maximum penalty was the same regardless of whether he was sentenced as a second or third habitual offender. *Compare* MICH. COMP. LAWS § 769.11 *with* MICH. COMP. LAWS § 769.12. Further, the trial court originally sentenced petitioner to a term of 6-20 years' imprisonment on the underlying bank robbery conviction. The court then vacated that sentence and sentenced petitioner as an habitual offender to the identical 6-20 year term of imprisonment. *See* Sentence Tr., at 12. Thus, it cannot

be said "that the [1997] conviction[] actually increased the length of the sentence the court ultimately imposed," *Coss*, 532 U.S. at 407, and he is therefore not entitled to "have his current § 2254 petitioner reviewed because the . . . sentence he is challenging was not actually affected by the [1997- conviction[]." *Id*. at 408.

For these three reasons, the Court should conclude that petitioner is not entitled to habeas relief with respect to his challenge to his current sentence as enhanced by his 1997 conviction.[4]

## 2.   *Use of Prior Conviction at Trial*

Petitioner also contends that he was denied his right to a fair trial by the prosecutor's use of the 1997 conviction at trial. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

It is well established that habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws."). Thus, unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional

---

[4]There is some suggesting in petitioner's pleadings that his parole was violated with respect to the 1997 conviction and that he was reincarcerated on that conviction. It is not clear, however, whether petitioner is still incarcerated on that 1997 conviction via the parole revocation. To the extent that he is, he would of course be "in custody" on that conviction and thus able to challenge the constitutionality of the 1997 conviction directly. Even assuming that petitioner remains "in custody" on that conviction, however, he is not entitled to relief based on the second point discussed above, namely, that there was no denial of his right to counsel on appeal in the 1997 proceeding.

magnitude. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483, 487 (6th Cir. 1987). In short, "[o]nly when the evidentiary ruling impinges on a specific constitutional protection or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999); *see also*, *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Where a specific constitutional right–such as the right to confront witnesses or to present a defense–is not implicated, federal habeas relief is available only if the allegedly erroneously admitted evidence "is almost totally unreliable and . . . the factfinder and the adversary system will not be competent to uncover, recognize, and take due account of its shortcomings." *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983).

Thus, the issue here is not whether this evidence was properly admitted under the Michigan Rules of Evidence, but rather whether petitioner was denied a fair trial by the introduction of this evidence. This being the case, petitioner is not entitled to habeas relief even if the evidence was not properly admitted under Rule 404(b). Both the Supreme Court and the Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of prior bad acts evidence which is relevant in the defendant's trial. *See Estelle*, 502 U.S. at 69-70; *Dowling v. United States*, 493 U.S. 342, 353-54 (1990); *Coleman v. Mitchell*, 268 F.3d 417, 439-40 (6th Cir. 2001); *Pennington v. Lazaroff*, 13 Fed. Appx. 228, 232 (6th Cir. 2001) (per curiam) (unpublished); *Manning v. Rose*, 507 F.2d 889, 893-95 (6th Cir. 1974). The alleged unconstitutionality of the prior conviction does not alter this result, because it was the conduct underlying that conviction, and not the conviction itself, which was relevant at petitioner's trial, and petitioner does not contend that the underlying conduct did not occur. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.    *Ineffective Assistance of Counsel (Claims II & III)*

Petitioner next claims that his trial and appellate attorneys rendered constitutionally deficient performance in several respects.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.    *Clearly Established Law*

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense.  *Id.* at 687.  These two components are mixed  questions of law and fact.  *See id.* at 698.  Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."  *Id.* at 697.  If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.  With respect to the prejudice prong, the

reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

2.      *Trial Counsel (Claim II)*

Petitioner contends that his trial counsel was ineffective for failing to challenge the constitutionality of his 1997 conviction at his trial. As explained above, however, there was no constitutional infirmity with respect to that conviction because petitioner was informed of his appellate rights and failed to assert them. Because any challenge to the 1997 conviction either at trial or sentencing would have been meritless, counsel cannot be deemed ineffective for failing to raise such a challenge. *See Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995) (counsel not ineffective for failing to raise meritless objection); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993) (same). Further, with respect to the use of the prior conviction to enhance petitioner's sentence, as explained above there is no evidence that the conviction actually had any impact on the sentence imposed by the trial court. Thus, petitioner cannot show that he was prejudiced by counsel's failure to challenge the prior conviction at sentencing.

In the state courts, petitioner also claimed that trial counsel was ineffective for failing to bring out at trial the circumstances underlying the 1997 conviction. It is not clear whether petitioner is attempting to assert this claim here. To the extent he does assert this claim, it is without merit. At trial on the instant offense, petitioner testified that he did not intend to take the money he demanded from the bank teller and permanently keep it. Rather, he testified that he only intended to be arrested so that he could be returned to jail. *See Walker*, 2002 WL 31105273, at *1, *2. Petitioner asserts that his 1997 conviction stemmed from a similar incident in which he handed a

bank teller at a drive-up window a note threatening her if she did not hand over money.  After she did so, he immediately found the bank security guard and reported his crime to the guard, waiting with the guard for the police to arrive.  Petitioner argues that, had these facts underlying his 1997 conviction been given to the jury, it would have been more likely to accept his testimony that he did not actually intend to steal the money.

Petitioner cannot show that counsel's decision not to introduce these details deprived him of a fair trial.  For two reasons, counsel could have reasonably concluded that introducing the details of the prior conviction would have harmed, rather than helped, petitioner.  First, unlike the 1997 robbery, in the instant case there was no evidence that petitioner turned himself in to authorities.[5] From this distinction, the jury could have concluded that petitioner did not merely intend to get caught as with his prior robbery.  Second, even assuming that the jury found the two crimes indistinguishable as a factual matter, the 1997 robbery resulted in a conviction on the exact charge for which petitioner was standing trial.  Counsel reasonably could have feared that the jury would reason that if the facts as testified to by petitioner were good enough for a conviction in the 1997 case, they would be good enough for a conviction in the case it was considering.  This is the type of tactical decision committed to counsel's discretion.  *See Buell v. Mitchell*, 274 F.3d 337, 360 (6th Cir. 2001) (internal quotation omitted) (counsel's "tactical decisions are virtually unchallengeable.").  Accordingly, the Court should conclude that petitioner is not entitled to habeas

---

[5]For example, petitioner testified that he went to the police precinct and sat outside for several hours, but did not turn himself in.  *See* Trial Tr., dated 2/1/01, at 30.  He also had a regularly scheduled appointment with his parole officer on the day of the robbery which he went to, but did not tell his parole officer about the robbery. *See id*. at 31.  Petitioner also conceded that he explicitly wrote in his note to the teller that she should not press the police alarm button, and that he went to the drive-up window whereas in his prior robbery he had gone into the bank building. *See id*. at 34, 37.

relief on this claim.

3. *Appellate Counsel (Claim III)*

Finally, petitioner contends that his appellate counsel was ineffective for failing to raise his habeas claims on direct appeal. In the appellate counsel context, a showing of prejudice requires a showing that petitioner's claims would have succeeded on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996). As explained above, petitioner's underlying claims are without merit, and thus petitioner cannot show that counsel was ineffective for failing to raise them on direct appeal.

F. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. The Court should also deny petitioner's motion for summary judgment.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis*

*v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/18/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 18, 2008.

s/Eddrey Butts
Case Manager