UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL WALKER,

       Petitioner,

                                     CASE NO. 2:06-CV-13050
v.                               JUDGE AVERN COHN
                                       MAGISTRATE JUDGE PAUL J. KOMIVES

CARMEN D. PALMER,

       Respondent.
_____/

### MEMORANDUM ORDER DENYING PETITIONER'S REQUEST FOR COPY OF ORIGINAL TRANSCRIPT (docket #56)

Petitioner Robert Earl Walker is a state prisoner, currently incarcerated at the Michigan Reformatory in Ionia, Michigan. On July 7, 2006, petitioner filed a *pro se* application for the writ of habeas corpus challenging his 2001 state court conviction for armed robbery. Petitioner raised due process claims relating to the use of his prior conviction at both trial and sentencing, and derivative ineffective assistance of counsel claims. On January 1, 2008, the undersigned filed a Report recommending that the petition be denied on the merits. The District Judge adopted the Report and entered an order denying the petition on February 7, 2008. Petitioner subsequently filed a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b), which was denied by the District Judge on March 24, 2008. The matter is currently before the Court on petitioner's request for an order requiring respondent to file a complete transcript. Petitioner now contends that the prosecutor committed misconduct through improper comments at his trial, and that the transcript submitted by respondent does not reflect these comments and is not a complete and accurate transcript of the trial proceedings. Petitioner contends that a full and complete transcript is necessary for the Court to properly consider his Rule 60(b) motion. In a separate habeas action filed on April 2, 2008,

petitioner attempted to raise his new prosecutorial misconduct claims. On April 14, 2008, the Court transferred that petition to the Sixth Circuit has a successive petition under 28 U.S.C. § 2244(b). *See Walker v. Palmer*, No. 2:08-CV-11413 (E.D. Mich. Apr. 14, 2008) (Borman, J.). On October 22, 2008, the Sixth Circuit denied petitioner authorization to file his successive petition. *See In re Walker*, No. 08-1491 (6th Cir. Oct. 22, 2008).

There are currently no proceedings before the Court for which the transcript petitioner seeks would be relevant. His motion for relief from judgment under Rule 60(b) has already been denied by the Court, and in the separate action filed by petitioner he was denied authorization to file a second petition raising his new prosecutorial misconduct claims. Nor could petitioner file another Rule 60(b) motion in this action raising his new prosecutorial misconduct claims, because such a motion would raise a substantive basis for habeas relief and thus be the functional equivalent of a prohibited successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (generally, a Rule 60(b) motion which seeks vindication of a substantive claim for relief will be considered a prohibited successive petition). Because there are currently no proceedings before the Court to which the transcript petitioner seeks would be relevant, it is ORDERED that petitioner's request for an order requiring respondent to furnish a complete transcript is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

                                                s/Paul J. Komives
                                                PAUL J. KOMIVES
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 3/24/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 24, 2009.
>
> s/Eddrey Butts
> Case Manager